IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3150 |
| | ) | |
| v. | ) | |
| | ) | |
| LUIS A. RODRIGUEZ, | ) | TENTATIVE FINDINGS ON OBJECTIONS |
| | ) | TO PRESENTENCE INVESTIGATION |
| Defendant. | ) | REPORT |
| | ) | |

    There are some questions about the Presentence Investigation Report that apparently should be resolved at some point.

    I.  <u>One question has to do with an upward departure</u>.  The Presentence Investigation Report at paragraph 104 says that the government believes "Mr. Rodriguez should receive an upward departure as a result of the conviction outlined in paragraph 53" because "he was released from incarceration for the conviction on January 18, 2006, and delivered methamphetamine to an informant on May 26, 2006, and was arrested in possession of methamphetamine on September 11, 2006, . . . ."  At paragraph 105 the probation officer says that he does not believe an upward departure is warranted.

    Two things raise a question for me: First, paragraph 53 says that the sentence was "300 days jail" but that he was released from jail 77 days later.  Is that an accurate statement?

    Second, paragraph 104 speaks of the defendant's having been "arrested in possession of methamphetamine on September 11, 2006" but I do not see that that has been verified.  The first page of the Presentence Report notes under "Arrest Date" only that the defendant was arrested September 11, 2006, "on unrelated state charges."

    II.  <u>Another question relates to the computation of the criminal history</u>.  Paragraph 59 says that the defendant committed the instant offense while on juvenile parole, "as detailed in paragraph 49."  Paragraph 49 does not show a conviction, but shows that the charge was "Refused and non-suited."  Similarly, in paragraph 60 I see no statement of a date for the defendant's committing "the instant offense less than two years following his release from the

sentence imposed in paragraph 49."   Paragraph 49 seems inapplicable.

      III.    <u>Another question relates to objections by Mr. Rodriguez personally</u>.   The Addendum to the Presentence Investigation Report says that Mr. Rodriguez's attorney's letter of June 20, 2007, indicated that he and his client had no objections to the Presentence Report, but that in a letter dated June 24, 2007, Mr. Rodriguez said that he had not discussed the Presentence Report with his attorney and that he, Mr. Rodriguez, does "strongly object to the 543.64 grams of methamphetamine attributed to me . . ."

      I note by the transcript of the proceedings before Magistrate Judge Piester of May 10, 2007, that Mr. Rodriguez pleaded guilty to Count 1, and testified in response to a question from Magistrate Judge Piester:

      THE COURT:    Okay.  And then are you also agreeing that you're responsible for at least 500 grams of a mixture containing methamphetamine?

      THE DEFENDANT:  Yes, sir.

(24:8-11, Document 24).   An amount of methamphetamine that is "At least 500 G but less than 1.5 Kg of methamphetamine" puts the defendant at a base offense level of 32.  Both the prosecution and I should be notified in advance of any evidentiary hearing whether Mr. Rodriguez is disputing his testimonial admission of responsibility for at least 500 grams, which puts him at a level 32, or disputing only the figure of 543.64 grams that also would place him at level 32.

      Other than the questions outlined in this document, I find that the Presentence Investigation Report is true and accurate.   Objections may be made to these tentative findings at the time of the sentencing hearing.

      Although document 29 is titled "DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND REQUEST FOR EVIDENTIARY HEARING AND ORAL ARGUMENT" there is no compliance with the Order on Sentencing Schedule, document 23, regarding motions.

There has been no hint that the defendant expects evidence to be offered to support a downward departure. Hence, I think evidence should not be permitted, though oral argument certainly will be.

Dated July 17, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge